**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001322
17-MAY-2018
07:58 AM**

NOS. CAAP-14-0001322 AND CAAP-16-0000620

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-14-0001322

CAPITAL ONE N.A.,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
GEORGE P. KLIKA aka GEORGE KLIKA,
Defendant/Counterclaim-Plaintiff/Appellant,
and
UNITED STATES OF AMERICA, Defendant-Appellee

---

GEORGE P. KLIKA, aka GEORGE KLIKA,
Third-Party Plaintiff/Appellant,
v.
ASSURANT, INC. and VOYAGER INDEMNITY INSURANCE COMPANY,
Third-Party Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-575K)

AND

CAAP-16-0000620

CAPITAL ONE N.A.,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
GEORGE P. KLIKA aka GEORGE KLIKA,
Defendant/Counterclaim-Plaintiff/Appellant,
and
UNITED STATES OF AMERICA, Defendant-Appellee

---

GEORGE P. KLIKA, aka GEORGE KLIKA,
Third-Party Plaintiff/Appellant,
v.

ASSURANT, INC. and VOYAGER INDEMNITY INSURANCE COMPANY,
Third-Party Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-575K)

ORDER DENYING THE MAY 9, 2018 MOTION FOR RECONSIDERATION
(By: Ginoza, C.J., Fujise and Chan, JJ.)

On May 9, 2018, Plaintiff-Appellee Capital One, N.A. (**Capital One**) filed its "Motion for Reconsideration of this Court's Summary Disposition Order, Filed April 30, 2018" (**Motion for Reconsideration**). Capital One argues that this court erred in determining that there was a genuine issue of material fact as to whether or not Capital One had standing at the time this action commenced to foreclose upon a blank-endorsed Adjustable Rate Note (**Note**). Capital One asserts that admissions by Defendant-Appellant George P. Klika aka George Klika (**Klika**) "conclusively established that at the commencement of the foreclosure proceedings and at the filing of the motion for partial summary judgment, Capital One 'was the holder of the Note and Mortgage' by virtue of an assignment."

In particular, Capital One asserts that Klika admitted to Paragraph 12 of the "Complaint to Foreclose" (**Complaint**), which states:

> 12. [Capital One] is the current holder of the Note and the Mortgage (collectively, "Loan Documents") by virtue of an Assignment of Mortgage and Note ("Assignment") dated September 27, 2010, and recorded in the office of the Assistant Registrar of the Land Court of the State of Hawai'i[.] . . . A true and accurate copy of the Assignment is attached hereto as Exhibit "3."

(Emphasis added.) Paragraph 12 asserts Capital One is the holder of the Note "by virtue of an Assignment of Mortgage and Note." A copy of the Note attached to the Complaint contains a blank endorsement by an Assistant Vice President of Chevy Chase Bank, F.S.B. (**CCB**), the lender for the Note. There is no allegation in the Complaint, nor an admission by Klika, that Capital One was in possession of the Note when it filed the Complaint.

2

In <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 390 P.3d 1248 (2017), the Hawai'i Supreme Court recognized that, despite assignment of a mortgage to Bank of America, the bank did not establish standing to foreclose upon a blank-endorsed note at the initiation of its suit:

> An assignment of the Mortgage to Bank of America prior to the commencement of the action would not be sufficient to establish standing as an injury to the plaintiff in a foreclosure proceeding, which is premised on the default under the note. Although the security follows the debt, the debt does not automatically follow the security. <u>See</u> HRS § 490:9-203(g) & cmt. 9 (2008) (codifying the common law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien); <u>see also, e.g.,</u> <u>Vega v. CTX Mortg. Co., LLC</u>, 761 F.Supp.2d 1095, 1097 (D.Nev.2011) ("The Traditional Rule is that the mortgage or deed of trust (the security instrument) automatically follows the secured debt, but not vice versa."); <u>Restatement</u> <u>(Third) of Property (Mortgages)</u> § 5.4(c) (1997) ("A mortgage may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures.")

<u>Id.</u> at 371 n.17, 390 P.3d at 1258 n.17.

> The Hawai'i Supreme Court further expressed that:

> A blank indorsement occurs when an indorsement is made by the holder of an instrument and is not a special indorsement; in other words, a blank indorsement is not payable to an identified person. [Hawaii Revised Statutes (HRS) § 490:3-205(a);] § 490:3-205(b). <u>When indorsed in</u> <u>blank, an instrument becomes payable to bearer and may be</u> <u>negotiated by transfer or possession alone until specially</u> <u>indorsed</u>. <u>Id.</u>

<u>Id.</u> at 370, 390 P.3d at 1257 (emphasis added). Further, in analyzing the evidence in that case, the supreme court concluded:

> a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action. Indeed, the copy of the Note attached to the summary judgment motion does not reflect the date of the blank indorsement, and the Egan Declaration, which was made after the filing of the complaint in this case, does not indicate when the indorsement occurred. Further, there is no additional evidence in the record regarding the date of the indorsements or whether Bank of America <u>possessed</u> the Note at the time of the filing of the complaint. <u>Thus, there is</u> <u>a material question of fact as to whether Bank of America</u> <u>was the holder of the Note at the time the foreclosure</u> <u>proceedings were commenced</u>, which in turn raises the issue of whether Bank of America had standing to foreclose on the Property at the time it brought the foreclosure action.

<u>Id.</u> (emphasis added).

Given our reading of <u>Reyes-Toledo</u>, the applicable statutes, and because the Note attached to the Complaint was endorsed in blank, Capital One had the burden to establish that it had possession of the Note when the Complaint was filed. We cannot infer "possession" from Klika's admission that Capital One was the "holder of the Note . . . by virtue of an Assignment[.]"

Therefore, IT IS HEREBY ORDERED that Capital One's May 9, 2018 Motion for Reconsideration is denied.

DATED: Honolulu, Hawai'i, May 17, 2018.

Chief Judge

Associate Judge

Associate Judge